(170 App. Div. 257)

## In re FRASER'S WILL.

(Supreme Court, Appellate Division, Second Department. December 17, 1915.)

WILLS ⊗➔683—CONSTRUCTION—INTEREST DEVISED.

A testatrix died, leaving two sons, one 13 and the other 7 years old, as heirs at law and next of kin. By her will she directed that her executor should hold her property in trust, accumulating part of the income during the minority of the children, but that after their arrival at majority one-half of the income should be paid to each. It was also provided that, upon the children arriving at majority, one-eighth of the estate should be paid to each, while provision was made for payment of another eighth when the sons should arrive at the age of 30. A subsequent paragraph of the will declared that after such division the executors and trustees should pay over the income arising from the balance of the estate to the sons during their natural lives, and in case of death of either without leaving lawful issue the whole income should go to the survivor, but upon the death of either leaving lawful issue the issue of such son should take the undivided one-half part of the estate remaining, while in case of the death of both of the children before reaching 21, or after arriving at that age without leaving lawful issue, the property then remaining was devised and bequeathed to the relatives of the sons on their father's side. Another clause authorized the trustees to transfer and turn over to the sons in equal shares the whole of the estate then remaining, or to either son a one-half part thereof, to be his absolutely at any time after they should arrive at the age of 30, and in the judgment of the executors it would be to the best interests of the sons to make such disposition. The younger son died before reaching 21, while the older had arrived at the age of 30 and had received one-half of the estate. *Held*, that while the trustees could pay over to the survivor one-half of the estate, yet their power extended only to that extent, and they could not pay over the whole of the estate, for in the event of his death without issue his relatives on his father's side would be entitled to the remaining one-half.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1603–1606; Dec. Dig. ⊗➔683.]

Appeal from Surrogate's Court, Orange County.

In the matter of the determination of the construction and effect of a distribution of property contained in the last will and testament of Nellie E. Fraser. From the decree of the Surrogate's Court, James Easton Fraser appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William A. Parshall, of Port Jervis, for appellant.

Edward P. Jones, special guardian, of Port Jervis, for respondent.

C. E. Cuddeback, of Port Jervis, for respondent executor and trustee.

THOMAS, J. August 13, 1896, Mrs. Fraser, then a widow, made her will, and died on the following 20th day of that month, leaving two sons, James, 13 years old, and Charles, 7 years old, as her heirs at law and next of kin. James is now past 30 years old. Charles died without issue in 1907 at the age of 18 years. Van Inwegen is the sole acting executor and trustee. The primary question is whether James takes the one-half of the corpus of the estate in the first instance intended for Charles, or whether he takes the income of it, which is conceded, and the corpus passes to the relatives of his father, if he should die without issue.

The testatrix expressed her desire for the investment and management of her estate so "as to best further the interest of" her children; but her will shows a plan for the disposal of her property, and it must be accepted as indicating what she regarded as best for their welfare. Her intention was to give her property to her executors, in trust to use the income, and principal, if necessary, for the appropriate education and maintenance of her children during their minority, and meantime to accumulate the surplus income; "but from and after their arrival at the age of twenty-one years, then I direct that the income thereafter arising * * * be paid over to them to each one half part." I incline to the conclusion that she meant until they severally arrive at the age of 21, inasmuch as the next paragraph provides "that when my said children shall arrive at the age of twenty-five years, one-eighth of my entire estate then remaining shall be * * * paid over to each said child to be his absolutely." But, when James would become 25, Charles would still be under 21. The next sentence also shows that it was the intention to pay the one-eighth to each child upon his arrival at majority. Then provision is made for the payment of another eighth of the principal to each child upon his arrival at the age of 30 years. I note the intent to regard each child as separately taking upon arriving at a given age, as it may have some bearing upon later clauses. The fifth paragraph provides:

"After such division shall have been made, I then direct my said executors and trustees to pay over to my said sons, the income arising from the balance of my estate, during the term of their natural lives, and in case of the death of either, without leaving lawful issue, the whole income to go to the survivor, but upon the death of either leaving lawful issue, then I give * * * to the issue of such child, the undivided one-half part of my estate then remaining."

Pausing here for a moment, the meaning of the language may be stated. It was to keep the income of the estate remaining after payments made pursuant to paragraph 4 of the will to the sons for life, but if either died without leaving issue the income should be paid to the survivor, but if the one dying left issue it should take "the undivided one-half part of my estate then remaining." But the testatrix made a subsequent provision that might defeat the above direction in whole or in part, for the sixth paragraph empowers the trustees "to transfer and turn over unto my said sons, in equal shares, the whole of my said estate then remaining, or to either son, a one-half part thereof, to be his absolutely, at any time after they shall arrive at the age of

thirty years, and in the judgment of my said executors it would be for the best interest of said child or children to make such disposition thereof." That power was executed as to James, but his present contention is that he took Charles' interest at the latter's death and that the executor can pay that to him under the power. The fifth clause, I conclude, comprehends the whole of the one-half of the estate intended for Charles, had he lived to take under the execution of the power. But he died without issue. Then James took the income and in any case would take the principal as the sole surviving heir of his mother, if no inconsistent gift of it were made. But paragraph 5 continues:

"And in case of the death of both of said children before arriving at the age of twenty-one years or after arriving at said age without leaving lawful issue, then I give  * * *  unto their relatives on their father's side, the property then remaining."

The will provides what may be done with the income and principal if both live, to wit, each shall take one-fourth by the time he reaches 30 years, and power is given to the trustee to enlarge the gift to either to a one-half upon his reaching that age. But if the power be not exercised as to either, his share shall be kept invested and paid to him, or, if he die without issue, to the survivor, or, if he died with issue, such issue shall take the corpus. But Charles died without issue before receiving one-eighth, one-quarter, or one-half under the power, as he might if he lived. There is no power in the trustee to give that to James; the father's relatives cannot now take it, because the condition is that both sons die without issue; but Charles has died without issue, and if James also should die without issue the condition would be fulfilled and the father's relatives would take. Meantime, awaiting the event, the trustee holds the property to pay the income to James, as the will in effect directs in case of the death of Charles, and to pay to the father's relatives if the appointed event should happen. The language does not require each child, or both children, to die before ariving at the age of 21, or before any particular age. The essential provision is that they both die without issue, before the exercise of the discretionary power in the trustee to vest the title of each share in the child for whom it was intended. But the trustee cannot pay Charles' former interest to James without first finding that the will gives that interest to James in case of Charles' death. The income is given him; the principal absolutely to Charles' issue, if such he left; but in absence of such issue no similar language is used as to the survivor taking. Hence there is no interest in James on which the power can operate, while, on the other hand, there is a conditional gift to the father's relatives. That gift could be defeated by the execution of the power if it was broad enough to cover it; but (1) the power relates to a gift of one-half to each child; (2) it enables the title to be given only to one who was intended to take it under the will.

The decree of the Surrogate's Court of Orange County should be affirmed, with costs. All concur.